UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YOR

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/05/2013

---

NADIA OLENIAK, ALI EVANS, and KIM
PORTER, individually and on behalf of all others
similarly situated,

Civil Action No. 12-CV-3971 (KPF)

Plaintiffs,

vs.

TIME WARNER CABLE INC, TIME WARNER
ENTERTAINMENT COMPANY LP, TIME
WARNER CABLE LLC, and TIME WARNER NY
CABLE LLC D/B/A TIME WARNER CABLE
SHARED SERVICES,

Defendants.

---

## ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, SCHEDULING OF A FINAL APPROVAL HEARING, AND RELATED RELIEF

### I.    Preliminary Settlement Approval

1.    Based upon the Court's review of Plaintiffs' Memorandum of Law in Support of

Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement; the Declaration of

Christopher Q. Davis ("Davis Declaration"); and all corresponding exhibits and papers submitted

in connection with the Motion, the Court grants preliminary approval of the Joint Stipulation of

Class Settlement and Release ("Stipulation of Settlement" or "Settlement") made and entered

into on July 23, 2013, by and between by and between Plaintiffs Nadia Oleniak, Ali Evans and

Kim Porter ("Plaintiffs"), individually and on behalf of the Opt-In Plaintiffs and the Class

Members, as defined below, and Opt-In Plaintiffs Christopher Gervais, Dearise Wilson and

Joseph Sokolowski, and Defendants Time Warner Cable Inc., Time Warner Entertainment Co.,

L.P., Time Warner Cable LLC and Time Warner NY Cable LLC ("Defendants"), in settlement

of the above-captioned matter (the "Litigation").

2.      For purposes of settlement only, there shall be one "Putative Settlement Class"

comprised of "Participating Class Members" in New York and New Jersey.   The Putative

Settlement Class shall be defined as:

> [a]ll persons who are or have been employed by Defendants as
> Customer Services Representatives at one of the Defendants' New
> York Market Call Centers in the following locations: Flushing,
> Staten Island, Hudson Valley, and Bergen County, New Jersey at
> any time between May 18, 2009 (for New Jersey Class Members)
> or May 18, 2006 (for New York Class Members) and the date the
> Court grants Preliminary Approval of the Settlement.

Individuals encompassed within the above definition are eligible to participate in this Settlement.

3.      The Court concludes that the Settlement is within the range of possible final

settlement approval, such that notice to the class is appropriate. *See Diaz v. Eastern Locating

Serv., Inc.*, No. 10 Civ. 4082, 2010 WL 2945556, at *1 (S.D.N.Y. July 22, 2010); *In re Traffic

Executive Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980).

4.      The Court finds that the proposed settlement is the result of extensive, arm's-

length negotiations by counsel well-versed in the prosecution and defense of wage-and-hour

class action lawsuits.

## II.      Conditional Certification of the Proposed FRCP 23 NY Settlement Class

5.      Provisional class certification for settlement purposes only and appointment of

class counsel have several practical purposes, including avoiding the costs of litigating class

status while facilitating a global settlement, ensuring notification of all class members of the

terms of the proposed Settlement, and setting the date and time of the final approval hearing. *See*

2

*Clark v. Ecolab Inc.*, Nos. 07 Civ. 8623, *et al.,* 2010 WL 1948198, at *4 (S.D.N.Y. May 11, 2010).

6.     For purposes of settlement only, the Court provisionally certifies the class of approximately 2700 individuals (each a "NY Putative Settlement Class Member" and, collectively, the "NY Putative Settlement Class") pursuant to Federal Rule of Civil Procedure ("FRCP") 23.  All of the Named Plaintiffs and the additional Plaintiffs who opted in prior to the settlement are NY Putative Settlement Class Members.

7.     For purposes of settlement only, the Court finds that the requirements of FRCP 23(a) and (b)(3) are met.

a.     The NY Putative Settlement Class of approximately 2700 individuals is so numerous as to make it impracticable to join all NY Putative Settlement Class Members. *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members.").

b.     For purposes of settlement only, the Court finds that there is an ascertainable NY Putative Settlement Class.

c.     For purposes of settlement only, the Court finds that common questions of law and fact exist.  This case involves numerous common issues.  Plaintiffs and NY Putative Settlement Class Members allegedly all have the identical claims that Defendants failed to pay them earned wages in violation of state and federal wage and hour laws.  Other common issues include, but are not limited to, (a) whether Defendants maintained and furnished to Plaintiffs and NY Putative Settlement Class Members accurate time and wage records; and (b) whether Defendants acted willfully or in reckless disregard of the statute.  These common questions are similar to those in another case in which another court in this District recently granted class

certification for settlement purposes. *See Clark v. Ecolab Inc.*, Nos. 07 Civ. 8623, et al., 2010 WL 1948198, at *3 (S.D.N.Y. May 11, 2010) (shared issues that help to satisfy Rule 23 commonality requirement include "whether [Defendant] failed to pay Plaintiffs and the state settlement Class Members overtime premium pay for all hours they worked over 40 in a workweek; and...whether [Defendant] maintained accurate time records of the hours Plaintiffs and the state settlement Class Members worked").

d.      For purposes of settlement only, the Court finds the Named Plaintiffs' claims are typical of the claims of the NY Putative Settlement Class. Plaintiffs shared the same job titles of the NY Putative Settlement Class Members – Customer Service Representative – and the same job duties, and allege that they were subject to the same employment handbooks and policies governing their performance, workplace conduct and working overtime hours. Plaintiffs allege the same common unlawful practice, namely, that Defendants required that Customer Service Representatives be "call ready" - powered on their computers with necessary software open and logged in to the telephone queue – at the start of their shift, forcing them to perform necessary preparatory activities off the clock and without pay. Plaintiffs also allege the same injuries as the NY Putative Settlement Class Members – that Defendants allegedly failed to properly pay them lawful wages based on a common "off the clock" practice of not paying for certain overtime hours worked while performing their compensable pre-shift preparatory activities. Plaintiffs and the NY Putative Settlement Class Members also commonly allege that Defendants failed to keep accurate records of time worked. Because Plaintiffs' wage and hour claims arise from the same alleged factual and legal circumstances that form the basis of the NY Putative Settlement Class Members' claims, the Court finds that Plaintiffs satisfy the typicality requirement for purposes of settlement only. *Clark*, 2010 WL 1948198, at *3 (common issues that help to satisfy Rule 23

4

commonality requirement include "whether [Defendant] failed to pay Plaintiffs and the state settlement NY Class Members overtime premium pay for all hours they worked over 40 in a workweek; and ... whether [Defendant] maintained accurate time records of the hours Plaintiffs and the state settlement Class Members worked").

e.      Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Regarding the adequacy of the Named Plaintiffs, there is no evidence or indicia that they have interests that are antagonistic or at odds with NY Putative Settlement Class Members. "The adequacy requirement exists to ensure that the named representative will 'have an interest in vigorously pursuing the claims of the class, and . . . have no interests antagonistic to the interests of other class members.'" *Toure v. Cent. Parking Sys.*, No. 05 Civ. 5237, 2007 WL 2872455, at \*7 (S.D.N.Y. Sept. 28, 2007) (quoting *Denney v. Deutsche Bank AG,* 443 F.3d 253, 268 (2d Cir. 2006)).

f.      Christopher Q. Davis, Esq. shall be deemed "Class Counsel" and has and will fairly and adequately protect the interests of the NY Putative Settlement Class. The Davis Declaration supports the conclusion that counsel is qualified and the requirements of 23(a)(4) are met. Among other things, Plaintiffs' counsel has previously been appointed as Class Counsel and as co-Class Counsel in other matters.

g.      For purposes of settlement only, the Court finds that the prosecution of separate actions by individual NY Putative Settlement Class Members would create the risk of inconsistent or varying adjudications which would establish incompatible standards of conduct.

h.      Certification, for the purposes of settlement only, is similarly proper under Rule 23(b)(3). Rule 23(b)(3) requires that common questions of law or fact not only be present, but also that they "predominate over any questions affecting only individual members, and that a

5

class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). For purposes of settlement only, the Court finds that questions of law and fact common to the NY Putative Settlement Class Members predominate over questions affecting only individual NY Putative Settlement Class Members and a class action is superior to other available means for the fair and efficient adjudication of the controversy. Certification under Rule 23(b)(3) for purposes of settlement will allow NY Putative Settlement Class Members to opt out of the settlements and preserve their right to seek damages independently. This approach protects NY Putative Settlement Class Members' due process rights, and is consistent with the Supreme Court's decision in *Ortiz v. Fibreboard Corp.*, which explains that due process requires an opportunity to opt out of significant monetary relief. *Ortiz*, 527 U.S. 815, 846-48 (1999).

        i.      The second part of the Rule 23(b)(3) analysis is a relative comparison examining whether "the class action device [is] superior to other methods available for a fair and efficient adjudication of the controversy." *Green v. Wolf Corp.*, 406 F.2d 291, 301 (2d Cir. 1968). Here, Plaintiffs and the NY Putative Settlement Class Members have limited financial resources with which to prosecute individual actions, and Plaintiffs are unaware of any pending individual lawsuits filed by class members arising from the same allegations. Regarding the forum, concentrating the litigation in this Court is desirable because much of the allegedly wrongful conduct occurred within the jurisdiction of this Court and it will conserve judicial resources. *See Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 161, 164 (S.D.N.Y. 2008).

        j.      The assistance of an experienced mediator, David Geronemus, reinforces the Court's finding that the proposed settlement is non-collusive.

## III. Conditional Certification of the NJ Settlement Class Under the FLSA

8.      The Court also conditionally certifies the settlement class under the FLSA solely for purposes of effectuating the Settlement.

9.      Section 216(b) of the FLSA provides that plaintiffs must be "similarly situated" in order to pursue an FLSA collective action. *See* 29 U.S.C. 216(b).

10.     FLSA collective actions do not implicate the same due process concerns as Rule 23 actions. *See McKenna v. Champion Intern. Corp.,* 747 F.2d 1211, 1213 (8th Cir.1984); *Reyes v. Altamarea Grp., LLC*, No. 10 Civ. 6451, 2011 WL 4599822, at *3 (S.D.N.Y. Aug. 16, 2011) Accordingly, the standard for approval of an FLSA settlement is lower than for a class action under Rule 23.  Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 n. 8.; *see also Reyes*, 2011 WL 4599822, at *6.  Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. *Id.* at 1353–54. If the proposed FLSA settlement reflects a reasonable compromise over contested issues, it should be approved. *Id.* at 1354; *Reyes*, 2011 WL 4599822, at *6.  As mentioned above, the settlement was the product of adversarial litigation, extensive exchange of discovery, and arms'-length negotiations by counsel experienced in the prosecution of wage and hour class and collective actions.

11.     For purposes of settlement only, the Court finds that the Named Plaintiffs are "similarly situated" to the NJ Class Members for purposes of the FLSA claims.

12.     For the reasons set forth above (in the discussion regarding the propriety of certifying a class under FRCP 23), the Court has ample basis to certify the NJ Class under the FLSA for purposes of settlement only.

**IV.    Supplemental Jurisdiction Exists Over Plaintiffs' and the Class Members' State Law Claims, and Participating Class Members Will Release FLSA and State Law Claims**

7

13.     The Court may properly oversee a release by Participating Class Members of FLSA and state wage and hour claims. *See Damassia,* 250 F.R.D. 152, 163 (S.D.N.Y. 2008) ("It is true that potential class members who do not opt out of the class action could have "all claims that could have been brought in that action, including any FLSA claim, resolved by res judicata without opting in to the FLSA action"...[h]owever, as in any Rule 23(b)(3) class action, potential class members who want to control their own litigation, and to avoid being bound by the judgment in the class action, are free to opt out of the class.").

14.     For purposes of settlement only, the Court exercises supplemental jurisdiction over Plaintiffs' and the Class Members' New York claims and approves the release of such claims, together with FLSA claims, by Participating Class Members.

**V.      Appointment of Plaintiffs' Counsel as Class Counsel**

15.     The Court appoints Christopher Q. Davis, Esq. as Class Counsel because he meets all of the requirements of Fed. R. Civ. P. 23(g).

16.     Class Counsel did substantial work identifying, investigating, prosecuting, and settling the FLSA and the Rule 23 claims in this action.

17.     Class Counsel has substantial experience prosecuting and settling employment class actions, including wage-and-hour class actions, and is well-versed in class action and wage-and-hour law.

18.     Other courts have found Class Counsel to be adequate class counsel in employment law class actions.

19.     The work that Class Counsel has performed in litigating and settling this case demonstrates his commitment to the class and to representing the class' interests.

## VI.    Class Notice and Settlement Procedure

20.    The Court approves the Proposed Notices of Settlement (the "Proposed Notices")

and directs their distribution to the FLSA or the Rule 23 Class, whichever is appropriate.[1]

21.    The content of the Proposed Notices fully complies with due process and Fed. R.

Civ. P. 23.

22.    Pursuant to Fed. R. Civ. P. 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice
> to all members who can be identified through reasonable effort. The
> notice must concisely and clearly state in plain, easily understood language:
> the nature of the action; the definition of the class certified; the class claims,
> issues, or defenses; that a class member may enter an appearance through
> counsel if the member so desires; that the court will exclude from the class
> any member who requests exclusion, stating when and how members may
> elect to be excluded; and the binding effect of a class judgment on class
> members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

23.    For purposes of settlement only, the Court finds that the Proposed Opt-Out Notice

satisfies each of these requirements.

24.    For purposes of settlement only, the Court finds that the Proposed Opt-In Notice

satisfies the requirements of the FLSA. Section 216(b) of the FLSA states in relevant part that:

> (a)n action...may be maintained...in any Federal or State court of competent
> jurisdiction by any one or more employees for an on behalf of himself or
> themselves and other employees similarly situated. No employee shall be a part
> plaintiff to any such action unless he gives his consent in writing to become such
> a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

---

[1] A "Proposed Opt-Out Notice" will be sent to the NY Putative Settlement Class Members, and a "Proposed Opt-In Notice" will be sent to the NJ Class Members.

25.     Courts can order notice to other potentially similarly situated individuals to inform them of their right to "opt in" to the lawsuit. *See Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 173 (1989).

26.     The Notice describes the terms of the settlement, informs the class about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing.

27.     For the reasons set forth above, the Court approves the Notice for purposes of the FLSA and for settlement purposes only.

28.     The Court hereby adopts the following settlement approval process:

    i.     Within ten (10) days following the Court's entry of the Preliminary Approval Order, Defendants' Counsel and Class Counsel shall cooperate to provide the Settlement Administrator with a list of all Class Members, including last known addresses, dates of employment, and telephone numbers, under protection of a confidentiality agreement.

    ii.     Claims Administrator RG2 mails the NJ and NY Notices to NJ and NY Class Members within seven (7) days following receipt of the information in (i).

    iii.     NY and NJ Class Members shall have sixty (60) days after the date the NJ and NY Notices are mailed to opt out of (NY), opt into (NJ), and/or object to, the settlements.

    iv.     The NJ Claim Form must be completed in full, signed, postmarked and sent to the Settlement Administrator within sixty (60) days from its initial mailing by the Settlement Administrator.

    v.     Within seven (7) days after the deadline to submit the Claim Forms, the Settlement Administrator will certify the names of all Class Members who submitted timely claims with the Settlement Administrator, the names of each NY Class Member who timely requested to be excluded from the Settlement, and the names of each Class Member who failed to timely submit either a claim or Request for Exclusion.

    vi.     Class Members who wish to object to the Settlement must file with the Court and serve on counsel for the Parties, not later than forty-five (45) days after the date that the Settlement Administrator first mails the Class

Notice, a written statement objecting to the Settlement and setting forth the grounds for the objection.

vii.     Class Counsel and Defendants' Counsel shall thereafter be entitled to file and serve a response to any such objection[s] no later than five (5) days before the hearing for final approval of the Settlement. If the Court rejects a Class Member's objection, the Class Member will still be bound by the terms of this Agreement.

viii.    A fairness hearing will be held as soon thereafter as is convenient for the Court.

ix.      Prior to the fairness hearing, Plaintiffs will submit a Motion for Judgment and Final Approval of the Settlement, together with a motion seeking the payment of attorneys' fees, costs, and the Class Representative Payments.

x.       If the Court grants Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment for Dismissal with Prejudice.

xi.      The Final Approval date of the Settlement shall be 31 days after the Court has entered Judgment, if no one has sought rehearing, reconsideration, or appellate review.  If rehearing, reconsideration or appellate review is sought, the Final Approval date of the Settlement shall be the day after any and all avenues of rehearing, reconsideration and appellate review have been exhausted and no further rehearing, reconsideration or appellate review is permitted, and the time for seeking such review has expired and the Judgment has not been subject to fundamental change (as that term is defined in Paragraph 58 of the Stipulation of Settlement) as a result of rehearing, reconsideration or appellate review.

29.     The Court approves the settlement and finds that it was reached as a result of vigorously contested litigation to resolve bona fide disputes. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1353 n.8.

11

30.     Upon receipt of any Objections to the Stipulation of Settlement, or Requests to Appear at the Settlement Hearing in this action, the Clerk of Court shall redact any street address, email address, or telephone number contained therein and promptly docket and file the redacted document publicly.  All original, unredacted documents shall be filed under seal.

31.     The final fairness hearing shall be held on December 3, 2013, at 10:00 a.m., to be held in Courtroom 618 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York.  All references to the hearing contained in the notices shall reflect the proper location.

SO ORDERED.

Dated:  August 5, 2013
        New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

12